## Chatinsky v. Dubrow Electronics Industries, Inc.

*David Cohen*, for plaintiff.

*Howard Gittis*, for defendants.

HAGAN, P. J., March 15, 1962.—Plaintiff filed a petition setting forth that there was an action involving the above-named parties presently pending before the Superior Court of New Jersey. The petition requested, under the Uniform Foreign Depositions Act of May 5, 1921, P. L. 374, 28 PS §31, that the court authorize the issuance of a subpoena duces tecum compelling one William Bates, Vice President of Philadelphia National Bank, to appear for the purpose of the taking of his deposition, and requiring him to bring with him certain named documents. Common Pleas Court No. 4 signed an order granting the prayer of the petition, and in pursuance thereof a subpoena duces tecum was issued requiring the production of the specifically enumerated documents.

The witness appeared for the taking of his deposition and brought with him the requested documents. He testified at length, but refused to permit plaintiff to examine the documents and refused to inspect the documents himself in order to enable him to more fully answer certain questions. Plaintiff filed a petition to permit plaintiff to examine the above-mentioned documents and to require the witness to answer certain questions which he had refused to answer. The matter is now before us on this petition.

It is agreed by the parties, and the law is clear, that the procedure with respect to the deposition of the witness Bates is governed by the Pennsylvania Rules of Civil Procedure. The questions raised in this case, however, are quite novel. In determining whether a question propounded at a deposition is proper, we are guided by the criterion set forth in Pa. R. C. P. 4007-(a), which states that a deponent may be examined "regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case." In the instant case, however, we have no pleadings, nor do we have any knowledge of the nature of the action pending in the New Jersey Superior Court, to which the present proceeding is ancillary. It is, therefore, impossible for the court to determine what is "relevant" and what will "substantially aid in the preparation of the pleadings or the preparation or trial of the case."

The situation thus presented is analogous to one where a summons is filed and discovery is sought in aid of preparation of a complaint. In such a case, just as here, there is no basis upon which the court can determine relevancy. In such a situation in the case of Lichtman v. Lipoff, 10 D. & C. 2d 725, it was found that the state of the record provided no foundation for determining the relevancy of the questions, and accordingly it was held that before defendant was required to answer the questions propounded by plaintiff, plaintiff had the burden of first establishing the relevancy of the questions and that they would substantially aid plaintiff in the preparation of a complaint. In a similar situation, this court arrived at the same conclusion in the case of Spraggins v. The Pennsylvania Railroad Company, C. P. No. 1, September term, 1957, no. 1956. If, therefore, defendant or the witness, by a motion

for a protective order, or in some other appropriate manner, had raised the foregoing question prior to the answering by the witness of the questions propounded to him, we would have held, as we did in the Spraggins case, and as the court held in the Lichtman case, that the witness need not answer any questions until plaintiff had first established relevancy in some fashion.

In light of the foregoing, let us examine the specific questions which the witness refused to answer and the matters of which plaintiff specifically complains. These matters can be divided into three categories. The primary category concerns matters to which the witness had testified at great length. After having done so, he was unable to supply the specific answers to particular questions but admitted that the records which he had brought with him would enable him to answer these questions. At that point, he refused to look at the records he had brought with him to enable him to answer these questions. Questions in this category are questions nos. 1-6 as set forth in plaintiff's petition. With respect to these questions, we find that the witness and defendants waived whatever right they might have had to question the propriety of asking such questions without first proving relevancy. Having answered numerous questions with respect to a particular subject matter, and having admitted that the answer to a specific question would appear in the documents which the witness had brought with him, we see no basis upon which the witness could at that point refuse to inspect the documents. Accordingly, we hold that the witness must refer to the documents he had produced to enable him to answer questions nos. 1-6.

The second category deals with questions concerning certain conversations which took place between the witness, the bank's attorney and defendant's attorney with respect to what documents should or should not

490

be produced. From our examination of the transcript, we are satisfied that the ground of irrelevancy of such questions was properly raised. We further find that such questions have no possible relevancy, and accordingly we hold that the witness need not answer question no. 7 or any similar questions.

The final category is the refusal of the witness to permit plaintiff to inspect all the documents which the witness had brought with him in response to the subpoena duces tecum. In this respect, we believe the position of the witness and of defendant is sound. As previously indicated, we have no way of telling at this stage of the proceedings whether the various documents produced have any relevancy to the issues in the New Jersey proceedings. Accordingly, we hold that before the witness is required to permit plaintiff to inspect any documents, plaintiff must first establish to the satisfaction of the court, in some appropriate fashion, that the documents he seeks to inspect are relevant or will substantially aid in the preparation or trial of the New Jersey case.

For the foregoing reasons, plaintiff's petition to compel production of documents and the answering of questions is sustained in part and dismissed in part.